UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| MILTON BLANKENSHIP and TERESA BLANKENSHIP, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., <br><br> Defendant. | Civil No. 6:18-cv-00241-GFVT-EBA <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

*** *** *** ***

This matter is before the Court upon Defendant State Farm's Motion for Summary Judgment filed on August 12, 2019. [R. 14.] To date, Plaintiffs Milton and Teresa Blankenship have not responded to this motion. For the following reasons, Defendant's Motion for Summary Judgment [R. 14] is GRANTED.

**I**

This action arises out of a dispute between Plaintiffs Milton and Teresa Blankenship, and their insurer, Defendant State Farm Mutual Automobile Insurance Company. [R. 1-2.] The Blankenships owned a 2009 Heartland Travel Trailer ("RV") which they insured against physical damage through Defendant State Farm. [R. 1-4 at 2.] Sometime in early May 2017, Mr. Blankenship entered the RV and discovered extensive water damage, including black mold and mushroom growth. [R. 24-1 at 23–24.] Mr. Blankenship moved the RV to a dealership for repairs, but the RV was deemed a total loss. [R. 14-4 at 5.] The Blankenships made a claim to State Farm for the damages to the RV. [R. 1-2 at §§4–6.] State Farm denied the Blankenships'

claim, stating that the circumstances of the damage to the RV were not covered by the Blankenships' policy under its definition of "loss". [R. 14-1 at 2.]. And even if it were covered under the "loss" provision, State Farm points to exclusions in the policy which it believes would apply to the damage at issue. *Id.*

To defend itself in this action, State Farm hired expert Herb Goff, a Forensic Engineer with a degree in Engineering from the University of Kentucky, to inspect the RV and determine the source of the damage. [R. 14-1 at 6; R. 14-6.] Ultimately, Mr. Goff concluded the damage resulted from a leakage in the cold-water supply line in the RV. [R. 14-6 at 2.] According to Mr. Goff, this supply line suffered wear and tear and slowly leaked water over a period of months or years, causing damp conditions to exist which resulted in the mold and fungal growth found in the RV. [R. 14-1 at 7.] So far in litigation, the Blankenships have not noticed State Farm of any expert witness whose opinion may differ from or contradict that of Mr. Goff, and the time to do so has now passed. [R. 14-4 at 6; R. 6.] Likewise, according to State Farm, both plaintiffs state in their deposition testimony that the RV was never involved in any sort of roadway accident, nor suffered any damage from a failing tree or something similar, that could have caused the leak and resultant fungi. [*See* R. 24.]

## II

### A

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A fact's materiality is determined by the substantive law, and a dispute is genuine if "the evidence is such that a

reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The burden is initially on the moving party to inform "the district court of the basis of its motion, and [to identify] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of a material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this burden is met, the nonmoving party, "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). This means, "the non-moving party has an affirmative duty to direct the Court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001). This means the non-moving party must affirmatively respond, and may not simply "rely on the hope that the trier of fact will disbelieve the movant's denial of a material fact." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)); *see* Fed. R. Civ. P. 56(e)(2). "The failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).

**B**

According to Plaintiffs, the RV was never involved in a collision or damaged by falling debris. [R. 24-1 at 7; R. 24-2 at 4.] The only expert whose opinion is in the record determined that a water line in the Blankenships' RV failed due to wear and tear, which resulted in a slow, but persistent, leak. [R. 14-7.] The water line leaked over the course of several weeks or

3

months.  *Id.*  Not only did the RV sustain water damage, but as a result of the wet conditions, the RV became infested with black mold and mushrooms.  [R. 14-8.]  The Court is left with the question of whether, as a matter of law, these circumstances and resultant damage are covered under the Blankenships' insurance policy.

The Blankenships' policy with State Farm provided coverage for "loss" and defines such as "direct, sudden and accidental damage."  [R. 14-2.]  The policy expressly excludes coverage for "loss to any covered vehicle due to fungi . . . whether or not the fungi result from a loss that is payable under the physical damage coverage.]"  *Id.*  Also excluded is coverage for "any part or equipment of a covered vehicle if that part or equipment: a. fails or is defective; or b. is damaged as a direct result of wear and tear[.]"  [R. 14-2 at 20.]

To determine whether the Blankenships experienced a covered "loss," the Court must determine what is meant by "accident" as used in the policy.  When a term is not defined in the policy, it must be given its ordinary meaning, provided its meaning is unambiguous.  *Cincinnati Ins. Co. v. Motorists Mut. Ins. Co.*, 306 S.W.3d 69, 75.  The Kentucky Supreme Court has identified two hallmarks of an "accident" for insurance purposes: Courts must analyze "1) whether the insured intended the event to occur; and 2) whether the event was a 'chance event' beyond the control of the insured."  *Martin/Elias Props., LLC v. Acuity*, 544 S.W.3d 639, 643 (Ky. 2018).

Applying Kentucky's criteria for "accidents" to the undisputed facts of this case, the Court finds that circumstances surrounding the leak in the Blankenships' RV do not constitute an "accident" covered by the insurance policy.  Nobody is arguing the Plaintiffs intended for their RV to suffer extensive water damage; however, there is still the issue of control.  Mr. Goff's expert opinion, which is uncontradicted, is that the leak was small and damage occurred over

months or even years. [R. 14-1 at 7.] Mr. Blankenship testified in his deposition that he often visited the winterized RV to check on things, but that he rarely went in. [R. 24-1 at 20–21.] Had either plaintiff regularly checked inside the RV, the leak could have been repaired before causing such extensive damage. Therefore, the leak was not a "chance event" completely beyond control of the plaintiffs as contemplated in the policy. Likewise, this is not a scenario where the event is "direct" or "sudden." Instead, the damage occurred slowly, over an extended period of time.

Most likely, in Mr. Goff's expert opinion, the leak was the result of normal wear and tear, which is expressly excluded from coverage under the policy. Also excluded from the policy is loss due to the growth of fungi "whether or not the fungi result from a loss that is payable under the physical damage coverage," *i.e.*, a loss that is caused by "direct, sudden, and accidental damage[.]" [R. 14-2.] Put differently, even if the mold and fungi resulted from a compensable loss, the Blankenships still could not recover for the resultant damage to the structure of the RV caused by the mushroom and mold growth. In light of the foregoing, and especially considering the Blankenships failed to respond to this Motion, the Court finds that Defendant State Farm is entitled to summary judgment on Plaintiffs' breach of contract claim.

### III

State Farm carried its initial burden and demonstrated an absence of material dispute of fact. Plaintiffs Milton and Teresa Blankenship did not respond to State Farm's Motion, and therefore failed to demonstrate there was a genuine issue of fact necessitating a trial. Therefore, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendant's Motion for Summary Judgement **[R. 14]** is **GRANTED**;

2. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**;

3.  The Final Pretrial Conference in this matter, currently set for November 4, 2019, is **CANCELLED**;

4.  The Jury Trial in this matter, currently set to begin December 9, 2019, is **CANCELLED**; and

5.  This case is **STRICKEN** from the Court's active docket.

This the 31st day of October, 2019.

Gregory F. Van Tatenhove
United States District Judge